IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quinton Brown, ) | C/A No.  3:15-3334-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Anthony Dennis, *Sumter County Sheriff*; ) | |
| Investigator Jennifer Thomas; S.C. Department ) | |
| of Juvenile Justice; Officer April Skinner; ) | |
| Thomas R. Mims, Jr.; Hampton Gardner; ) | |
| Robert Burnish; Jennie Daley; Wesley ) | |
| Gardner; Susan Oaks-Thomas; Edward Francis ) | |
| Brown; Willie McFadden; April Skinner ) | |
| McFadden; Krystle Skinner; and Shenequa ) | |
| Oaks, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Quinton Brown, who is represented by counsel, filed this action alleging claims pursuant to 42 U.S.C. §§ 1983 & 1985, as well as state law claims, against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant S.C. Department of Juvenile Justice's ("SCDJJ") motion to dismiss.  (ECF No. 13.)  Brown did not file a response to SCDJJ's motion. Having reviewed the record presented and the applicable law, the court finds that Defendant SCDJJ's motion should be granted.

Defendant SCDJJ argues it should be dismissed from this matter because, as a agency of the State of South Carolina, it is immune from suit pursuant to the Eleventh Amendment of the United States Constitution.  The court agrees.  The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706,

712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89,101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[1] Therefore, Brown's claims against the S.C. Department of Juvenile Justice are barred by the Eleventh Amendment and this defendant is entitled to dismissal from this action.

Accordingly, Defendant SCDJJ's motion to dismiss should be granted. (ECF No. 13.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).