IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quinton Brown, ) | C/A No. 3:15-3334-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Anthony Dennis, *Sumter County Sheriff*; ) | |
| Investigator Jennifer Thomas; Officer April ) | |
| Skinner; Thomas R. Mims, Jr.; Hampton ) | |
| Gardner; Robert Burnish; Jennie Daley; ) | |
| Wesley Gardner; Susan Oaks-Thomas; Edward ) | |
| Francis Brown; Willie McFadden; Krystle ) | |
| Skinner; and Shenequa Oaks, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In this civil rights action, the plaintiff, Quinton Brown, asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985 and state law claims, all arising out of his arrest and prosecution for a murder charge that was ultimately dismissed. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendants' motion to exclude evidence from the plaintiff's expert law enforcement witness, Benny Webb. (ECF No. 55.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted on the ground that the evidence at issue is not admissible expert opinion.

The Federal Rules of Evidence create a gatekeeping role for the court with regard to expert witness opinions. Under the Rules and applicable case law, the court must determine that the proposed expert testimony "is not only relevant but reliable." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). To admit the evidence, the court must find, among other things, that the proposed expert evidence is "the product of reliable principles and methods" and that "the expert has

*PJG*

reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(c), (d). This "connotes more than [a] subjective belief." Daubert, 509 U.S. at 590. Additionally, the expert opinion evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue." Id. at 591; see also Fed. R. Evid. 702(a). Because the Rules extend wide latitude to experts "to offer opinions, including those that are not based on firsthand knowledge or observation," the court must satisfy itself that "the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." Daubert, 509 U.S. at 592. The court should exercise flexibility in conducting this review; however, the testimony should be valid and reliable. Id. at 594-95; see also Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 158 (1999).

The United States Court of Appeals for the Fourth Circuit has held that "[a] reliable expert opinion must be based on scientific, technical, or other specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." Oglesby v. General Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999). Moreover, in determining whether to admit the evidence, the court must determine whether the testimony "is sufficiently helpful to the trier of fact to warrant admission into trial, [or] . . . whether the testimony presented is simply reiterating facts already within the common knowledge of the jurors." United States v. Dorsey, 45 F.3d 809, 814 (4th Cir. 1995) (internal quotation omitted).

Here, the plaintiff has offered a document authored by Mr. Webb as an expert report. (Webb Report, ECF No. 36-1.) This report, consisting of approximately seventeen pages, begins with a summary of Mr. Webb's education and experience in the field of law enforcement, along with a list of the materials he reviewed in preparing the report. (See generally id. at 1-3.) Following that is a recapitulation of the investigation of the murder of Darrell Epps, consisting of approximately eleven



pages essentially summarizing incident reports, witness statements, and test results associated with the Sumter County Sheriff's Office investigation. Interspersed within that summary are a few "Expert's Observations," which appear to be Mr. Webb's notes or commentary regarding the investigation. For example, one of the "Expert's Observation" notes, following a description of a law enforcement investigator's interview with a witness on April 8, 2011, that "[a]t the time of this interview Quinton Brown had not been charged with Darrell Epps['s] murder." (Id. at 9.) Webb's report concludes with two opinions:

(1)     "that the arrest of Quinton [B]rown was without merit and with malice based on the fact that no evidence existed that tied Quinton Brown to the death of Darrell Epps, and the fact that [some of the defendants] knew that the guns used in the death of Darrell Epps were found in the possession of Christopher Lovely and Corey Geddie"; and

(2)     "that the arrest of Quinton Brown was without merit and without probable cause because [Defendant] Jennifer Thomas and others from the Sheriff's Department encourage[d] and assisted Edward Brown, April Skinner-McFadden, Krystle Skinner and Dexter Lee Dickey to fabricate their statements in order to falsely arrest [the plaintiff.]"

(Id. at 16.)

The court agrees with the defendants that these purported expert opinions are actually impermissible legal conclusions. Courts have frequently found such expert reports or testimony opining as to the law governing the case or containing legal conclusions to be inadmissible under Rule 702 and controlling case law. See, e.g., Cameron v. City of New York, 598 F.3d 50, 62 (2d Cir. 2010) ("[T]he issue of whether or not probable cause to arrest exists is a legal determination that is not properly the subject of expert opinion testimony.") (internal citation and quotation marks



omitted); Long v. Blair, Civil Action No. 2:09-0349, 2010 WL 1930219, at *2 (S.D. W. Va. May 12, 2010) ("Our court of appeals has observed that expert witnesses are generally precluded from opining on the law governing the case. It is the court's task to instruct 'the jury on the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law.' ") (citations omitted; alteration in original); Adalman v. Baker, Watts & Co., 807 F.2d 359, 366 (4th Cir. 1986) (upholding the exclusion of expert testimony containing legal conclusions), abrogated in part on other grounds by Pinter v. Dahl, 486 U.S. 622 (1988); (see also Defs.' Mem. Supp. Mot. in Limine at 8, ECF No. 55 at 8) (collecting cases). Significantly, courts in this district have excluded similar expert evidence. See, e.g., Mann v. Failey, C/A No. 0:11-2232-RMG, Order filed Feb. 3, 2016, ECF No. 340; Grimmett v. Hamilton, C/A No. 8:12-2414-TMC, 2013 WL 5797748, at *5 (D.S.C. Oct. 28, 2013). In fact, in Grimmett, the Honorable Timothy M. Cain, United States District Judge, excluded an expert witness opinion from Mr. Webb, finding that it was not a proper opinion for an expert because it opined that there was no probable cause for the plaintiff's arrest and that the defendant sheriff's deputy violated the plaintiff's constitutional rights. Grimmett, 2013 WL 5797748, at *5. Moreover, Webb's report contains no description of any recognized methodology, practice, or other specialized knowledge used to reach his purported opinions. Thus, the report contains no basis from which the court can assess its reliability. Cf. Mann v. Failey, C/A No. 0:11-2232-RMG, Order filed Feb. 3, 2016, ECF No. 340 at 2 ("The report does not describe any principles or methods but is little more than a running commentary on the factual record, which includes legal conclusions, numerous commentaries on the deficiencies of [the Department of Corrections] . . . , and personal observations about the motivations and intent of the Defendants that are little more than

subjective conclusions."). The court further concludes that Webb's conclusory opinions, devoid of any analysis or recognized methodology and largely consisting of a summary of facts that can be provided by witnesses with personal knowledge, would not be helpful to the trier of fact.

Accordingly, the court finds that Mr. Webb's opinion evidence is not admissible under Rule 702 and applicable case law. It is therefore excluded.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 6, 2016
Columbia, South Carolina