# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Quinton Brown, ) | |
| ) | Civil Action No.: 3:15-cv-03334-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Anthony Dennis, *Sumter County Sheriff;* ) | |
| Investigator Jennifer Thomas; Thomas R. ) | **ORDER AND OPINION** |
| Mims, Jr.; Hampton Gardner; Robert ) | |
| Burnish; Jennie Daley; Wesley Gardner; ) | |
| Susan Oaks-Thomas; Edward Francis ) | |
| Brown; Willie McFadden; Krystle Skinner; ) | |
| and Shenequa Oaks, ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 112), filed February 23, 2017, recommending that the Motion for Summary Judgment (ECF No. 76) by Defendants Sumter County Sheriff Anthony Dennis, Investigator Jennifer Thomas, Thomas R. Mims, Jr., Hampton Gardner, Robert Burnish, Jennie Daley, Wesley Gardner and Willie McFadden (collectively "Defendants") be granted as to Plaintiff's claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as all state law claims, and that Defendant Krystal Skinner be dismissed from the case without prejudice. Furthermore, the Magistrate Judge notes that Defendants Susan Oaks-Thomas, Edward Francis Brown, and Shenequa Oaks were never served with process and therefore recommends that they be dismissed from this action without prejudice. After considering Plaintiff's Objections ("Objections"), filed March 8, 2017 (ECF No. 114), the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 112) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 76).

# I. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

# II. ANALYSIS

The Report was filed February 23, 2017. (ECF No. 112.) The court concludes, upon its own review of the record, that the Report's factual and procedural summation correctly presents the facts in light of this requirement and adopts this summary as its own. (ECF No. 112 at 2–10.)

Plaintiff timely filed his Objections to the Report on March 9, 2017. (ECF No. 114.) Plaintiff's Objections begin with verbatim statements of facts from his Memorandum in Opposition to Defendants' Motion for Summary Judgment. (ECF Nos. 102, 114.) Thereafter, Plaintiff follows up with generalized statements of frustration regarding the allegations against him resulting in his arrest and prosecution and broad statements of the standard for probable cause and summary judgment, despite the overwhelming undisputed record evidence cited by the

Magistrate Judge in her Report. Additionally, Plaintiff reargues verbatim several issues previously presented to the Magistrate Judge (*see*, *e.g.*, ECF No. 114 at 7—8), yet points to no specific error by the Magistrate Judge.

The court's review perceives that Plaintiff made three specific objections to the Report:

1. Plaintiff objects to the Report's assertion that Investigator Thomas had probable cause to secure a warrant for Plaintiff's arrest, given that a SLED forensics report allegedly determined that another individual murdered the victim. (ECF No. 114 at 3-4, 9-11.)

2. Plaintiff objects to the Report's assertion that he has failed to provide any facts which support his §§ 1985 and 1986 claims. (ECF No. 114 at 11.)

3. Plaintiff objects to the Report's finding that Plaintiff has failed to allege any facts that show Mims, Hampton Gardner, Burnish, Daley, Wesley Garner, McFadden, and Dennis, in his individual capacity, were personally involved in any deprivation of Plaintiff's rights. (See ECF No. 114 at 8.)

As to Plaintiff's first objection, Plaintiff claims that the affidavit supporting the warrant contains a false statement by the affiant but offers no support to challenge this material fact. (ECF No. 114 at 9–10). Plaintiff further states that there were no witnesses that claimed that he admitted his involvement in the murder or that such statements were either rumors or never corroborated. (*Id*. at 10). However, Plaintiff provides no support for his arguments, just mere conclusory arguments contrary to the Magistrate Judge's well-articulated order demonstrating sufficient probable cause for Plaintiff's arrest based on a facially valid warrant supported by an affidavit and testimony by witnesses who claimed that Plaintiff admitted his involved in the murder. (ECF No. 112 at 15-16). Plaintiff merely supports his arguments with baseless allegations of the motives of law enforcement to frame him.

As to Plaintiff's second objection, Plaintiff cited the general statements of proof for a 42 U.S.C. § 1985 conspiracy claim and alleges that Defendants had a meeting of the minds to charge and prosecute Plaintiff without any competent evidence. As to Plaintiff's third objection,

3

Plaintiff does not note any errors in the Magistrate Judge's Report. Instead, he merely relays facts about the investigation that led to his arrest and prosecution.

Each of the arguments supporting Plaintiff's specific objections was considered by the Magistrate Judge. The Magistrate Judge was not persuaded by Plaintiff's arguments and Plaintiff offers no arguments based on competent evidence as to why the Magistrate Judge was mistaken in her findings and conclusions. Therefore, after de novo review of Plaintiff's specific objections, the court finds that they are without merit and, as a result, overrules Plaintiff's specific objections.

### III. CONCLUSION

After a thorough review of the Report, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 112) and **GRANTS** the Motion for Summary Judgment (ECF No. 76) of Defendants Sumter County Sheriff Anthony Dennis, Investigator Jennifer Thomas, Thomas R. Mims, Jr., Hampton Gardner, Robert Burnish, Jennie Daley, Wesley Gardner and Willie McFadden, and dismisses Defendant Krystle Skinner from the case without prejudice. Because Defendants Susan Oaks-Thomas, Edward Francis Brown, and Shenequa Oaks were never served with process, the court also dismisses them from this action without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 26, 2017
Columbia, South Carolina